UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Federal National Mortgage Association,

        Plaintiff,

  v.

Angela M. Gear-Fleury, Charles Fleury,
John Doe, and Mary Roe,

        Defendants.

**ORDER**
Civil No. 13-2389 ADM/JJK

---

Curt N. Trisko, Esq., Jeffrey D. Klobucar, Esq., Nchangnyuy K. Fondungallah, Esq., Rebecca F. Schiller, Esq., and Sarah J. B. Adam, Esq., Schiller and Adam, P.A., St. Paul, MN, on behalf of Plaintiff.

William B. Butler, Esq., Butler Liberty Law, LLC, Minneapolis, MN, on behalf of Defendants.[1]

---

This matter is before the undersigned United States District Judge for a ruling on Defendants' Objection [Docket No. 32] to Magistrate Judge Jeffery J. Keyes' December 16, 2013 Report and Recommendation [Docket No. 30] ("R&R"). Judge Keyes recommends remanding this action to state court. For the reasons stated below, Defendants' Objection is overruled, Judge Keyes' R&R is adopted, and this case is remanded to state court.

The factual history of this dispute is more fully recited in Judge Keyes' R&R and is incorporated here by reference. In summary, Plaintiff filed this eviction action in Dakota County District Court on August 21, 2013, after Defendants' property was sold in a mortgage foreclosure sale on January 23, 2013. On September 3, 2013, Defendants removed this action

---

[1] Although Butler remains listed as the attorney of record for Defendants, he is no longer able to appear before this Court. On December 26, 2013, the Eighth Circuit Court of Appeals suspended Butler from the practice of law. In re Butler, No. 12-9013 (8th Cir. Dec. 26, 2013) (order of suspension). As a result, Butler was automatically suspended from practicing law before this Court. See Local Rule 83.6(b)(1).

from state court [Docket No. 1] and thereafter filed an Answer and Counterclaims [Docket No. 5]. In response, Plaintiff filed a Motion to Dismiss Counterclaims [Docket No. 6], a Motion to Sever Counterclaims [Docket No. 15], and a Motion for Summary Judgment [Docket No. 18].

The Court has reviewed Judge Keyes' order de novo, and finds the order to be well-founded. 28 U.S.C. § 636(b)(1)(C); see also D. Minn. L.R. 72.2(b). Although abstention is "the exception, not the rule," eviction is fundamentally a state law concern. MCC Mortg. LP v. Office Depot, Inc., 685 F. Supp. 2d 939, 946-47 (D. Minn. 2010) (citations omitted). In this case, the underlying matter is most properly and efficiently resolved in state court, and the exercise of federal review "would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern." Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 726-27 (1996).

Defendants object to the R&R, arguing a case may not be remanded when it invokes federal question jurisdiction. Specifically, Defendants argue Plaintiff is a Government-incorporated entity, and thus subject to 28 U.S.C. §§ 1345 and 1349. Section 1345 confers federal jurisdiction when the United States is a plaintiff, and section 1349 confers federal jurisdiction over actions involving corporations in which the United States owns more than one-half of the corporation's capital stock. Defendants argue these statutes create federal question jurisdiction, and a federal court may never remand a case in which such jurisdiction exists.

This precise argument has been considered and rejected by this Court numerous times. See Fed. Nat'l Mortg. Ass'n v. Torborg, No. 13-1522, 2013 WL 5567450 (D. Minn. Oct. 9, 2013); Fed. Nat'l Mortg. Ass'n v. Guevara, No. 13-3603, 2014 WL 300985 (D. Minn. Jan. 27, 2014); Fed. Nat'l Mortg. Ass'n v. Bullock, No. 13-1202, 2014 WL 223445 (D. Minn. Jan. 21,

2014); Fed. Home Loan Mortg. Ass'n v. Ville, No. 13-2136, 2014 WL 300948 (D. Minn. Jan. 28, 2014); Fed. Nat'l Mortg. Ass'n v. Diaz, No. 13-1473, 2014 WL 127113 (D. Minn. Jan. 14, 2014). It is again rejected here.

In its response to Defendants' Objection, Plaintiff requests the Court sever Defendants' counterclaims and allow them to proceed in federal court while the eviction proceeds in state court. Courts are given broad discretion when determining whether to grant a motion to sever a counterclaim. See Fed. R. Civ. P. 21. Courts may order severance of issues or claims when it is "for convenience, to avoid prejudice, or to expedite and economize . . . ." Fed. R. Civ. P. 42(b).

Defendants' counterclaims arise from the same facts underlying the eviction claim. Fed. R. Civ. P. 13(a). Plaintiff's eviction claim and Defendants' counterclaims both concern the same property, both depend on which party holds valid title to the property, and both rely exclusively on the application of Minnesota law. Severance would be at odds with convenience and judicial economy, and would result in unnecessary claim-splitting across state and federal courts. The parties may resolve the counterclaims as part of the eviction action, or as a related state court action. See, e.g., St. Stephen State Bank v. Johannsen, No. C5-02-1654, 2003 WL 1875500, at *4 (Minn. Ct. App. Apr. 15, 2003); Amresco Residential Mortg. Corp. v. Stange, 631 N.W.2d 444, 445-46 (Minn. Ct. App. 2001). Contrary to the implication of Plaintiff's arguments, there is no reason to believe that remanding the counterclaims to state court would result in unusual procedural delays. As a result, Judge Keyes' R&R is adopted, Defendants' objection is overruled, and this action is remanded to state court.

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendants' Objection [Docket No. 32] is **OVERRULED**; and

2. Judge Keyes' December 16, 2013 Order [Docket No. 30] is **ADOPTED**.

3. This action is **REMANDED** to the First Judicial District of the State of Minnesota. The Clerk of Court shall mail a certified copy of this Order to the clerk of the First Judicial District of the State of Minnesota.

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: February 6, 2014.